## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

FORTUNE MEYERS,

      PLAINTIFF,

v.                              CASE NO.:

STEP ONE AUTOMOTIVE GROUP, LLC,

      DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Fortune Meyers, (hereinafter referred to as the "Plaintiff" or "Meyers"), by and through his undersigned attorney, sues Defendant, Step One Automotive Group, LLC, (hereinafter referred to as the "Defendant" or "Step One") and alleges as follows:

### *INTRODUCTION*

1.    Plaintiff brings this action to remedy acts of discrimination and retaliation pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

### *JURISDICTION AND VENUE*

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

1

3.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6.      All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202233697) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200546) on March 10, 2022. On August 31, 2022, Plaintiff received a Notice of Determination from FCHR pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90-day Notice of Right to Sue letter from the EEOC which was received on December 6, 2022.

## *PARTIES*

7.    Plaintiff is a Caucasian male and a citizen of the State of Florida, who resides in Fort Walton Beach, Florida.

8.    Defendant, Step One Automotive Group, LLC, is a corporation that is licenses to do and does business in the State of Florida, Okaloosa County.

9.    Defendant, Step One Automotive Group, LLC, is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as it employs in excess of fifteen (15) employees,

10.    Defendant, Step One Automotive Group, LLC, is an employer within the meaning of, and as defined in the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employs in excess of ten (10) employees.

## *GENERAL FACTS*

11.    Plaintiff is a 56 year old Caucasian male.

12.    Plaintiff was employed by Step One Automotive Group, LLC, ("Step One Automotive") as the General Manager of Kia Fort Walton Beach, from September 1999 until his unlawful termination on January 31, 2022.

13.    During Plaintiff's employment with Step One Automotive, he performed the duties and responsibilities of his position in an exemplary manner.

3

14.     Prior to Plaintiff termination, he had not received any negative reviews or comments related to his employment with Defendant.

15.     Throughout the last three months of Plaintiff employment with Defendant, he was subject to inappropriate sexually explicit conversations involving Steve Snell's (Used Car Manager) and Becky Carr's (Finance Manager at Cadillac) personal sex life.

16.     Steve Snell would constantly brag about his sexual relationship with Becky Carr and two other women while standing at the sales desk in the middle of the showroom floor.

17.     During the last week of January 2022, Melissa Smith (Human Resource Officer) contacted Plaintiff, and he informed her of the inappropriate conversations Steve Snell was having about another female employee.

18.     Plaintiff also made sure to include that Jeremie Leach (Sales Director) and Nico Gara (Wholesale Director) constantly engaged in this sexual explicit and harassing speech and joked about Ms. Carr's sex life with Mr. Snell.

19.     On January 31, 2022, three days after Plaintiff reported these individuals, Plaintiff's employment with Defendant was terminated by Jeremie Leach.

20.     When Plaintiff asked the reasoning behind his termination, Mr. Leach stated "I don't need a reason."

21.   Plaintiff's termination was retaliation for reporting Steve Snell, Jeremie Leach, and Nico Gara inappropriate sexual harassing behavior.

### FIRST CAUSE OF ACTION
*(Title VII – Sexual Harassment/ Hostile Work Environment)*

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 9 and 11 through 21 of this complaint with the same force and effect as if set forth herein.

23. Defendant discriminated against Plaintiff in the terms and conditions of his employment by subjecting him to sexual harassment and hostile work environment in violation of the Title VII of the Civil Rights Act of 1964.

24. Plaintiff is a Caucasian male.

25. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual and unwelcome sexual harassment and hostile work environment to which Plaintiff was subjected by Steve Snell, Jeremie Leach, and Nico Gara.

26. The unwelcome sexual harassment and hostile work environment to which Plaintiff was subjected was sufficiently severe and pervasive as Steve Snell, Jeremie Leach, and Nico Gara actions were continual and on a regular basis while Plaintiff was employed by Defendant.

27. Steve Snell, Jeremie Leach, and Nico Gara behavior made the workplace

uncomfortable and hostile and further resulted in tension and hostility towards Plaintiff by Steve Snell, Jeremie Leach, and Nico Gara along with other staff members.

28. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
*(Title VII - Retaliation)*

29.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 9 and 11 through 21 of this complaint with the same force and effect as if set forth herein.

30.   Defendant retaliated against Plaintiff for availing himself of the protections afforded him pursuant Title VII of the Civil Rights Act of 1964.

31.   Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

32.   Plaintiff is a Caucasian male.

33.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual unwelcome sexual harassment and hostile work environment to which Plaintiff was subjected to by Steve Snell, Jeremie Leach, and Nico Gara

34.   Plaintiff reported the unwelcome sexual harassment and hostile work

environment to which Plaintiff was subjected to by Steve Snell, Jeremie Leach, and Nico Gara on more than one occasion. In each incident, Defendant failed to act.

35.     Defendant's failure to act on Steve Snell, Jeremie Leach, and Nico Gara behavior further resulted in tension and hostility towards Plaintiff and these individuals along with other staff members.

36.     On January 31, 2022, three (3) days after Plaintiff reported these individuals, Plaintiff's employment with Defendant was terminated by Jereme Leach.

37.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

38.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 8 and 10 through 21 of this complaint with the same force and effect as if set forth herein.

39.     This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

40.    At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

41.    At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

42.    Most recently, Plaintiff was employed as a General Manager of Kia Fort Walton Beach and he was qualified for the position.

43.    During his employment with Defendant, Plaintiff reported the unwelcome sexual harassment and hostile work environment to which Plaintiff was subjected to by Steve Snell, Jeremie Leach, and Nico Gara on more than one occasion. In each incident, Defendant failed to act.

44.    Defendant's failure to act on Steve Snell, Jeremie Leach, and Nico Gara behavior further resulted in tension and hostility towards Plaintiff and these individuals along with other staff members.

45.    After Plaintiff's reporting and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, on January 31, 2022, three (3) days after Plaintiff reported these individuals, Plaintiff's employment with Defendant was terminated by Jeremie Leach.

46.     There was no substantive or reasonable business justification for the termination of Plaintiff's employment; he had not been previously warned of a deficient job performance.

47.     Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Title VII of the Civil Rights Act of 1964.

48.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., Title VII prohibits covered employers from discriminating in employment on grounds of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)-(d). Title VII also protects employees associated with members of a protected class, such as employees who are married to or have a companion who is a minority.

49.     Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,

50.     The FCRA prohibits employers from discriminating against any person on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap or marital status. Fla. Stat. § 760.10.

51.     Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Fla. Stat. § 760.10.

52.     Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated after he continued objections to the Defendant regarding physical assault and continued retaliation and harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

53.     There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from his employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

54.     The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

55.     As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory

damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

56.    As a result of being wrongfully and unlawfully discharged from his employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

57.    Plaintiff has retained the undersigned attorney to assist him in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

58.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violation of Title VII and Florida Private Sector Whistleblower Act;

b)    Enjoining and permanently restraining those violations of Title VII and Florida Private Sector Whistleblower Act;

c)    Directing the Defendant to take such affirmative action as is necessary

to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further equitable relief as the Court deems just and proper in the premises.

<u>*DEMAND FOR JURY TRIAL*</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: March 2, 2023.          By:    */s/ Clayton M. Connors*
                                       CLAYTON M. CONNORS
                                       Florida Bar No.: 0095553
                                       Email: cmc@westconlaw.com
                                       THE LAW OFFICES OF
                                       CLAYTON M. CONNORS, PLLC

4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*