## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

FORTUNE MEYERS,

      PLAINTIFF,

v.                                   CASE NO.: 3:23-cv-4756-MW/HTC

STEP ONE AUTOMOTIVE GROUP, LLC,

      DEFENDANT.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff, Fortune Meyers, (hereinafter referred to as the "Plaintiff" or "Meyers"), by and through his undersigned attorney, sues Defendant, Step One Automotive Group, LLC, (hereinafter referred to as the "Defendant" or "Step One") and alleges as follows:

### *INTRODUCTION*

1.     Plaintiff brings this action to remedy acts of discrimination and retaliation pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

### *JURISDICTION AND VENUE*

2.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

1

3.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6.      All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202233697) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200546) on March 10, 2022. On August 31, 2022, Plaintiff received a Notice of Determination from FCHR pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90-day Notice of Right to Sue letter from the EEOC which was received on December 6, 2022.

## *PARTIES*

7.     Plaintiff is a Caucasian male and a citizen of the State of Florida, who resides in Fort Walton Beach, Florida.

8.     Defendant, Step One Automotive Group, LLC, is a corporation that is licensed to do and does business in the State of Florida, Okaloosa County.

9.     Defendant, Step One Automotive Group, LLC, is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as it employs in excess of fifteen (15) employees,

10.     Defendant, Step One Automotive Group, LLC, is an employer within the meaning of, and as defined in the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employs in excess of ten (10) employees.

## *GENERAL FACTS*

11.     Plaintiff is a fifty-six (56) year old Caucasian male.

12.     Plaintiff was employed by Step One Automotive Group, LLC, ("Step One Automotive") as the General Manager of Kia Fort Walton Beach, from September 2019 until his unlawful termination on January 31, 2022.

13.     During Plaintiff's employment with Step One Automotive, he performed the duties and responsibilities of his position in an exemplary manner.

14.     Plaintiff's exemplary performance lead Defendant's dealership to two (2) years of increase over increase in profits.

15.     Prior to Plaintiff's termination, he had not received any negative reviews or comments related to his employment with Defendant.

16.     Prior to his termination, Plaintiff was not the subject of any investigations or disciplinary actions by Defendant nor was he aware or notified of such.

17.     Throughout the last several months of Plaintiff's employment with Defendant, he was subjected to inappropriate sexually explicit conversations by Steve Snell (Used Car Manager).

18.     At the time Mr. Snell was living with and involved in a relationship with Becky Carr (Finance Manager at Defendant's Cadillac dealership).

19.     Mr. Snell knew that the Plaintiff was friends with Ms. Carr and worked with her.

20.     During the workday, Mr. Snell would approach Plaintiff and other male co-workers gathered together and begin discussing matters including his personal life.

21.     During these conversations, Mr. Snell informed Plaintiff that he and Ms. Carr were having relationship issues.

22.     During these numerous discussions, Mr. Snell would detail his sexual

4

exploits with Ms. Carr and other women.

23.    Mr. Snell would use graphic detail in describing his sexual exploits with Ms. Carr and these other women.

24.    Mr. Snell would use words such as fu*&ing, c*&^, dick, cock, pu**^, among others to describe his sexual exploits.

25.    Mr. Snell would also provide details about the three ways he was having with other girls and Ms. Carr.

26.    He would talk about how he would have sex with some random girl, describe his exploits with her, and then go back home to Ms. Carr and have sex with her.

27.    Plaintiff informed Mr. Snell that his conduct was offensive and inappropriate and asked him to stop.

28.    Mr. Snell ignored Plaintiff's requests and continued to have such discussions in the workplace and around Plaintiff.

29.    Mr. Snell would also conduct these conversations around the sales desk in the middle of the sales floor.

30.    Plaintiff also told Mr. Snell that having such discussions in the middle of the sales floor was inappropriate and offensive the other staff, male and female, that could overhear his sexually explicit conversations.

31.    Mr. Snell continued to ignore Plaintiff's requests to stop engaging in

detailing his unwelcome sexually explicit conduct around him and other employees, but Mr. Snell continued to ignore Plaintiff's objections.

32.    In response, Mr. Snell began treating Plaintiff in a disrespectful manner and making demeaning comments about him not being to be one of the boys or a man and participating in discussing his or their sexual exploits and conquests.

33.    A female employee, Rebecca, complained to Plaintiff about Mr. Snell's conduct and conversations of which she overheard on several occasions and took great offense.

34.    Both Plaintiff and Rebecca reported Mr. Snell's inappropriate and unwanted/welcomed conduct to the Defendant's Human Resources Department.

35.    During the last week of January 2022, Melissa Smith (Human Resource Officer) contacted Plaintiff, and reported and discussed the inappropriate conversations Steve Snell was having about another female employee.

36.    Plaintiff also made sure to include that in addition to Mr. Snell, Jeremie Leach (Sales Director) and Nico Gara (Wholesale Director) were also constantly engaged in this sexual explicit and harassing speech and conduct and retaliatory treatment of Plaintiff.

37.    After having reported the issue to HR and having a discussion with Ms. Smith, Mr. Snell's disrespectful conduct towards Plaintiff became so bad,

Plaintiff requested a reassignment to a different dealership.

38.    Again, Plaintiff reported the retaliatory treatment to HR, but nothing was done about it.

39.    On January 31, 2022, three (3) days after Plaintiff reported and discussed with HR the inappropriate conduct of these individuals, Plaintiff's employment with Defendant was terminated.

40.    When Plaintiff asked the reasoning behind his termination, he was told the Defendant did not need a reason.

*FIRST CAUSE OF ACTION*
*(Title VII – Sexual Harassment/ Hostile Work Environment)*

41.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 9 and 11 through 40 of this complaint with the same force and effect as if set forth herein.

42.    Defendant discriminated against Plaintiff in the terms and conditions of his employment by subjecting him to sexual harassment and hostile work environment in violation of the Title VII of the Civil Rights Act of 1964.

43.    Under Title VII, Plaintiff is a Caucasian male and a member of a protected class.

44.    Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual and unwelcome sexual harassment and hostile work

environment to which Plaintiff was subjected by Steve Snell, Jeremie Leach, and Nico Gara.

45.     The unwelcome sexual harassment and hostile work environment to which Plaintiff was subjected was sufficiently severe and pervasive as Steve Snell, Jeremie Leach, and Nico Gara actions were continual and on a regular basis while Plaintiff was employed by Defendant.

46.     Steve Snell, Jeremie Leach, and Nico Gara behavior made the workplace uncomfortable and hostile and further resulted in tension and hostility towards Plaintiff by Steve Snell, Jeremie Leach, and Nico Gara along with other staff members.

47.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### SECOND CAUSE OF ACTION
*(Title VII - Retaliation)*

48.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 9 and 11 through 40 of this complaint with the same force and effect as if set forth herein.

49.     Defendant retaliated against Plaintiff for availing himself of the protections afforded him pursuant Title VII of the Civil Rights Act of 1964.

50.     Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

51.     Plaintiff is a Caucasian male.

52.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual unwelcome **sexual harassment and hostile work environment** to which Plaintiff and his fellow female co-worker were subjected to by **Steve Snell, Jeremie Leach, and Nico Gara**

53.     Plaintiff reported the unwelcome **sexual harassment and hostile work environment** to which Plaintiff and his female co-worker were subjected to by **Steve Snell, Jeremie Leach, and Nico Gara** on more than one occasion. In each incident, Defendant failed to act.

54.     Defendant's failure to act on **Steve Snell, Jeremie Leach, and Nico Gara** behavior further resulted in tension and hostility towards Plaintiff and these individuals along with other female employees.

55.     On January 31, 2022, three (3) days after Plaintiff reported these individuals, Plaintiff's employment with Defendant was terminated by Jereme Leach.

56.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless

and until this Court grants relief.

### THIRD CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

57.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 8 and 10 through 40 of this complaint with the same force and effect as if set forth herein.

58.     This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

59.     At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

60.     At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

61.     Most recently, Plaintiff was employed as a General Manager of Kia Fort Walton Beach and he was qualified for the position.

62.     During his employment with Defendant, Plaintiff reported the unwelcome sexual harassment and hostile work environment to which Plaintiff was subjected to by Steve Snell, Jeremie Leach, and Nico Gara on more than one occasion. In each incident, Defendant failed to act.

63.     Defendant's failure to act on Steve Snell, Jeremie Leach, and Nico Gara behavior further resulted in tension and hostility towards Plaintiff and these

individuals along with other staff members.

64.    After Plaintiff's reporting and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, on January 31, 2022, three (3) days after Plaintiff reported these individuals, Plaintiff's employment with Defendant was terminated by Jeremie Leach.

65.    There was no substantive or reasonable business justification for the termination of Plaintiff's employment; he had not been previously warned of a deficient job performance.

66.    Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Title VII of the Civil Rights Act of 1964.

67.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., Title VII prohibits covered employers from discriminating in employment on grounds of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)-(d). Title VII also protects employees associated with members of a protected class, such as employees who are married to or have a companion who is a minority.

68.    Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,

69.    The FCRA prohibits employers from discriminating against any person on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap or marital status. Fla. Stat. § 760.10.

70.Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Fla. Stat. § 760.10.

71.    Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated after he continued objections to the Defendant regarding continued retaliation and harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

72.    There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from his employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

73.    The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

74.    As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

75.    As a result of being wrongfully and unlawfully discharged from his employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

76.    Plaintiff has retained the undersigned attorney to assist him in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

77.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)      Declaring the acts and practices complained of herein are violation of Title VII and Florida Private Sector Whistleblower Act;

b)      Enjoining and permanently restraining those violations of Title VII and Florida Private Sector Whistleblower Act;

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further equitable relief as the Court deems just and proper in the premises.

<u>*DEMAND FOR JURY TRIAL*</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: April 28, 2023.    By:    */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*